◼ In the Matter of JOSEPH E. CHAPMAN, Petitioner, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education, dated July 8, 1976 and made after a hearing, which found petitioner, a tenured teacher, guilty of the charge that he lacked the State certification required in order to be legally employed and dismissed him from his position. Determination confirmed and proceeding dismissed on the merits, with costs. Petitioner was hired by the respondent board of education in September, 1965 and obtained provisional certification from the State Education Department in February, 1966. At that time, petitioner was notified that he had to obtain necessary credits to attain permanent certification. By February, 1971, when the provisional certification expired, petitioner, fully aware of the need to obtain permanent certification, had made no attempt to complete the credits necessary to obtain such certification. From February, 1971 through 1975, the board received permission from the State Commissioner of Education, pursuant to subdivision 6 of section 3604 of the Education Law, to pay petitioner, notwithstanding his lack of certification. On October 22, 1975 the board found that there was probable cause to prefer charges against petitioner due to his failure to obtain permanent certification. The panel assigned to hear the charges found that, prior to October, 1975, petitioner "clearly demonstrated his lack of concern regarding attainment of permanent certification." Lack of certification in a subject to which a teacher is assigned constitutes grounds for dismissal *(Matter of Amos v Board of Educ.,* 54 AD2d 297, 301–302; *Matter of Kobylski v Board of Educ.,* 33 AD2d 603). Petitioner had more than nine years in which to obtain permanent certification, during which time he made no effort to complete the required work. In the light of petitioner's failure to obtain permanent certification, it cannot be concluded that the punishment was excessive or that it constituted an abuse of discretion. Cohalan, Acting P. J., Hawkins and Mollen, JJ., concur; Suozzi, J., dissents and votes to grant the petition to the extent of directing respondents to place petitioner, in accordance with his tenured seniority, on an eligible list as provided for in section 2585 of the Education Law, with the following memorandum: I would have no hesitancy in joining with the majority's decision confirming the dismissal of petitioner from his teaching position, if the dismissal had been effectuated within a reasonable time after petitioner's provisional certification expired in February, 1971. However, petitioner herein, who commenced his employment with the respondent board in 1965, continued to be employed as an uncertified teacher, at its request and pursuant to permission granted by the New York State Education Department, until the fall of 1975, when the respondent board decided to prefer charges against him due to his lack of a State certification. However, at that time, the respondents were well aware that petitioner was in the process of completing the courses which were necessary for his certification, which he actually obtained on September 1, 1976. Under these circumstances, petitioner's dismissal from his teaching position was arbitrary and an abuse of discretion. There is no evidence in this record of any misconduct or incompetency as a teacher, even though petitioner lacked

certification. It is evident that his lack of certification was seized upon by the board as a justification for terminating him at a time when the school district was in a financial crisis. In view of the petitioner's lack of diligence in pursuing a course of studies towards certification, it is clear too that he himself has contributed to his own problem. Under these circumstances, therefore, I think that the fairer and more equitable approach is to treat the petitioner as one whose position had been terminated and to place him, in accordance with his tenured seniority, on an eligible list as provided for in section 2585 of the Education Law.