■   In the Matter of KATHLEEN AHRENS et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit respondents from enforcing any eligibility requirements against them other than those required for initial employment, petitioners appeal from a judgment of the Supreme Court, Kings County, dated January 11, 1977, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Petitioners were New York City public school teachers whose licenses were obtained as a result of competitive examinations announced subsequent to May 22, 1969. At the time they were licensed, petitioners were informed that in order to maintain their licenses additional academic requirements had to be completed within five years. Petitioners were notified that their licenses would be terminated in June, 1976 and that they would be dismissed for failure to complete the necessary academic requirements. Petitioners did not appeal their dismissals pursuant to section 13 of the by-laws of the board of education and did not seek restoration of their licenses pursuant to section 255b of those by-laws. They apparently would not have been granted relief under those sections since they do not allege that they have satisfied the necessary academic requirements. Petitioners contend that dismissal for failure to meet post-employment job qualifications must be resolved at a hearing (see *Matter of Mannix v Board of Educ.,* 21 NY2d 455). In *Mannix* the court held that a tenured teacher could not be dismissed without a hearing. The holding in *Mannix,* however, relied upon subdivisions 1 and 5 of section 2573 of the Education Law, which were amended as a result of the *Mannix* decision (see L 1969, ch 822, § 1; L 1971, ch 732, § 2). Subdivision 1 of section 2573 provides that teachers shall serve a "probationary period of three years" before being granted tenure. As amended, section 2573 (subd 1, par [a]) provides that: "In city school districts having a population of four hundred thousand or more, persons with licenses obtained as a result of examinations announced subsequent to the twenty-second day of May, nineteen hundred sixty-nine appointed upon conditions that all announced requirements for the position be fulfilled within a specified period of time, shall not acquire tenure unless and until such requirements have been completed within the time specified for the fulfillment of such requirements, notwithstanding the expiration of any probationary period. In all other city school districts subject to the provisions of this article, failure to maintain certification as required by this article and by the regulations of the commissioner of education shall be cause for removal within the meaning of subdivision five of this section." Petitioners, having failed to complete all of the announced requirements within the specified period of time, were not entitled to tenure; their dismissal without a hearing was therefore proper (see *Board of Regents v Roth,* 408 US 564). The fact that the statute creates territorial distinctions, in that teachers in

school districts having a population of less than 400,000 are entitled to a hearing before a dismissal for failing to complete credit requirements, does not affect the constitutionality of the statute (cf. *Matter of Rosenthal v Hartnett*, 36 NY2d 269). Post-employment requirements for maintaining job eligibility have been approved by the State Legislature (see Education Law, § 2573, subds 1, 9), and failure to satisfy such requirements constitutes grounds for dismissal *(Matter of Chapman v Board of Educ.*, 57 AD2d 835; *Matter of Amos v Board of Educ.*, 54 AD2d 297). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.