■ In the Matter of RICHARD LINTON, Petitioner, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent board of education, dated July 8, 1976 and made after a hearing, which found petitioner, a tenured teacher, guilty of the charge that he lacked the State certification required in order to be legally employed and dismissed him from his position. Determination confirmed and proceeding dismissed on the merits, with costs (see *Matter of Chapman v Board of Educ.,* 57 AD2d 835). Latham, J. P., Margett and Hawkins, JJ., concur; Suozzi, J., dissents and votes to grant the petition to the extent of directing respondents to place petitioner, in accordance with his tenured seniority, on an eligible list as provided for in section 2585 of the Education Law, with the following memorandum: The majority herein has confirmed a determination of the respondent board of education, which dismissed petitioner from his employment as a teacher in the Yonkers school system on the ground that he lacked permanent State certification. The majority bases its determination on the decision of this court in *Matter of Chapman v Board of Educ.* (57 AD2d 835). In my view, the facts of *Chapman* are distinguishable in one vital respect from those at bar and *Chapman* is, therefore, not controlling herein. Petitioner had been employed by the respondent board of education since 1967 as a high school mathematics teacher. In September, 1969 he obtained provisional certification from the State Education Department which was valid for five years. Petitioner achieved tenure in 1972 and, throughout his entire teaching career, his record has never been less than satisfactory. In September, 1974 petitioner's provisional certification expired. However, at the respondent board's request, the New York State

Education Department granted the board permission to continue petitioner's employment and salary for the following school year, 1974-1975. In October, 1975, at a time when respondents were in the midst of a severe financial crisis, the respondent board found that there was probable cause to prefer charges against petitioner because he lacked permanent certification. After receiving notice of the charge, petitioner immediately began to take courses to obtain the necessary credits for permanent certification. By April 1, 1976, when a hearing on the charge was held, he had completed all of the necessary courses for permanent certification and was only awaiting the State Education Department's ministerial act of sending him the permanent certificate, which he received on September 1, 1976, prior to the commencement of the 1976-1977 school year. On May 14, 1976 the three-member hearing panel, by a 2 to 1 vote, sustained the charge against petitioner (the dissenter noted that petitioner had completed the necessary course work to be eligible for permanent State certification), but, based upon petitioner's past record of satisfactory service, recommended that he "continue in the service of the Yonkers School District." Contrary to the panel's recommendation, which at that time was not binding on the respondent board, the latter, on July 8, 1976, voted to impose upon petitioner the maximum penalty, i.e., dismissal from employment with the Yonkers Board of Education. In *Matter of Chapman v Board of Educ.* (57 AD2d 835, *supra),* this court was presented with a similar set of facts, but with one significant difference. At the time of the hearing in *Chapman,* petitioner therein was only in the process of completing his required courses for permanent State certification. The petitioner herein had completed all of his course requirements at the time of the hearing, but merely lacked the formal certificate. In *Chapman,* I dissented from the majority's holding which confirmed petitioner's dismissal from his employment. I voted to grant the petition to the extent of directing respondents to place petitioner, in accordance with his tenured seniority, on an eligible list (reinstatement was not warranted since petitioner had contributed to the problem by failing to diligently pursue permanent certification) as provided in section 2585 of the Education Law on the grounds that: (1) petitioner had not been dismissed by the board within a reasonable time after his provisional certification expired, but instead was allowed to continue teaching without permanent certification; (2) there was no evidence of misconduct or incompetency on petitioner's part; and (3) the lack of permanent certification was a mere pretext seized upon by the board for terminating petitioner during a fiscal crisis. Moreover, I am not required to concur with the majority herein on constraint of the holding of *Chapman,* precisely because of the significant factual distinction between the two cases heretofore noted. The crucial nature of this distinction can be gleaned from the total background of this case. Petitioner was one of 33 teachers who were brought up on charges resulting from their failure to obtain permanent certification and he and Chapman were the only two who were terminated. The other 31 teachers escaped the ultimate punishment of termination of their services because they offered proof of permanent certification, i.e., the actual certificate, at the time of the hearing. Clearly, petitioner's status was much closer to those 31 teachers than to Chapman in view of the undisputed fact that he had completed all of his required course credits at the time of the hearing, as opposed to Chapman, who, at the time of the hearing, had not completed all of his course requirements. Under these circumstances, petitioner's dismissal from his teaching position was arbitrary and an abuse of discretion.