■ In the Matter of NATALIE NOVOD, Appellant, v BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondents terminating petitioner's teaching license, petitioner appeals from a judgment of the Supreme Court, Kings County (Leone, J.), dated August 20, 1981, which dismissed the proceeding. Judgment reversed, on the law with costs, petition granted, determination annulled and petitioner's license and permanent appointment are to be restored *nunc pro tunc* to June 30, 1980, with

full pay and all other benefits to which she was entitled for the period in question, less the amount of compensation which she may have earned in any other employment or occupation and any unemployment insurance benefits she may have received during such period. In September, 1974 petitioner commenced employment with the respondent Board of Education of the City of New York as a regular substitute teacher of health conservation in day schools. In December of that year the respondent board of examiners announced that an examination for a license as a teacher of health conservation would be held in March, 1975. The examination announcement stated that the test would be held under "Alternative A" requirements, which were listed. The notice of examination stated that certain of these requirements had to be fulfilled by the applicant prior to September 1, 1975, specifically: "1. The baccalaureate degree; 2. The required 25 semester hours in approved professional courses [and] * * * 3. 6 semester hours of the program of study under Preparation 2 (b)." As part of the 25 semester hours, "Preparation 1 (c)" required: "(c) 12 semester hours — Observation and supervised practice teaching in elementary schools." A substitution was permitted in place of these 12 semester hours, as follows: "in lieu of each 6 semester hours of observation and supervised practice teaching, one year of teaching a special class of any type or one year of teaching in grades below 7". Additionally, "Preparation 2 (b)", six semester hours of which had to have been completed by September 1, 1975, required: "(b) A program of study in the area of the special class to the number of semester hours and the distribution thereof required by the Regulations of the Commissioner of Education." (A substitution, not relevant here, was also provided for Preparation 2 [b].) But for the six semester hours required to be completed by September 1, 1975, applicants were given until September 1, 1980 to fulfill the Preparation 2 (b) requirements. Petitioner applied to take the examination, reciting in her application her academic and professional qualifications, and on March 5, 1975 was notified that she would be permitted to take the examination. Sometime after March 11, 1975 petitioner was informed that she had received a passing grade. On October 31, 1975, after the date by which the minimum qualifications had to be met, petitioner was granted a license as a teacher of health conservation in the day schools, and in December of 1975 her name was placed on the eligible list for the position for which she had been licensed. In September of 1976, petitioner was appointed to a regular position as a teacher of health conservation. In March of 1977 the respondent board of examiners requested that petitioner supply additional documentation of her prior teaching experience; according to petitioner, she was informed at that time that if she could document this experience, it would be accepted as Preparation 1 (c) substitution. Petitioner thereafter forwarded to the respondent board of examiners letters verifying her previous teaching experience of 1,080 hours in programs sponsored by the Association for the Help of Retarded Children, and over 760 hours of teaching brain-injured children at the Summit Program. Nothing further was heard from the board of examiners at that time. In May, 1978 petitioner was recommended for a certificate of completion of probation, and the respondent board of education granted the certificate in September of 1978. In January, 1980, having completed the Preparation 2 (b) academic requirements which had to be fulfilled by September 1, 1980, petitioner presented her transcripts to the respondent board of examiners. In June, the board of examiners informed petitioner that extension of her license would be denied on the ground that she had failed to establish minimum eligibility. She was told by letter dated June 12, 1980 that "by September 1, 1975 * * * you were to have completed 12 semester hours in observation and supervised practice teaching in elementary

schools or 2 years of appropriate teaching. As of that date you lacked one year of teaching experience." Petitioner's license was terminated on June 30, 1980. Petitioner requested a formal statement of reasons, and in July of 1980 was notified by the board of examiners that her license was terminated because: "[t]he applicant lacks 6 semester hours in Preparation 1 (c) — observation and supervised practice teaching in Elementary Schools or 2 years of appropriate teaching. She also lacks 3 semester hours in her specialty under Preparation 2(b)." Petitioner timely appealed this determination by letter dated August 19, 1980. In her letter, she asserted that she had met the 1 (c) requirements in that she had student taught in P.S. 92 during the 1973 to 1974 school year, had taught a health conservation class in P.S. 132 from 1974 to 1975, and had accumulated nearly two thousand hours of teaching time in the other programs. The letter also pointed out that, according to her transcript, she had had more than enough semester hours in her specialty by September 1, 1975. Both petitioner's transcript and letters verifying the recited experience were attached to her letter of appeal. By letter dated October 1, 1980 petitioner was informed that her appeal had not been sustained. She received "Summary Statement of Reasons for Dismissal of Appeal on Eligibility" dated October 23, 1980, which read in part: "Report on the dismissal of appeal on the denial of extension of validity of license as teacher of health conservation classes in day schools because of failure to establish eligibility. The license was granted as a result of the examination given in March 1975 under Alternative A requirements, subject to establishing eligibility by September 1, 1975. Extension of validity of license was denied because the appellant lacked the minimum requirements — 6 credits in preparation 1 (c) — observation and supervised practice teaching in <u>elementary schools</u> or two years of appropriate teaching (had to be on elementary school level or any special education class before September 1, 1975). The unit clerk checked the files and found that there was no new evidence of the appellant having taught on the elementary school level or any special education class before September 1, 1975. The appellant was so notified." This notice, like the first June notice, did not mention a Preparation 2 (b) failure. Prior to the denial of her appeal, petitioner took and passed a temporary per diem test, and was rehired for the 1980 to 1981 school year, in the same school, and in the same position which she had held prior to the license revocation, although at less pay and with loss of pension and other benefits. Petitioner commenced this proceeding on or about January 29, 1981. Respondents' determination to revoke petitioner's license must be annulled as it is arbitrary, capricious, and without a reasonable basis in the record (*Matter of Colton v Berman,* 21 NY2d 322, 329, 334). In respondents' answer dated March 12, 1981 it was asserted that petitioner's claimed student teaching was not acceptable because "there is no indication on the transcript that this experience was part of the required student teaching course or that she ever had this experience or the amount of hours taught to qualify." Not only was this statement, which was made in response to the article 78 proceeding, the first attempt at explaining to petitioner the way in which respondents perceived her prelicense qualifications to have been defective, it is not supported by the record. Contrary to respondents' suggestion, Preparation 1 (c) does not state the necessity that the student teaching be done as part of a "required student teaching course"; additionally, attached to petitioner's August letter of appeal are several letters verifying her experience, including one from her college stating that she had completed over 360 hours of supervised student teaching. Respondents also asserted in their answer that petitioner had failed to complete three Preparation 2 (b) semester hours prior to September 1, 1975. This allegation was not made in the October 23, 1980 "Summary State of

Reasons for Dismissal of Appeal of Eligibility", upon which this article 78 proceeding is based, and respondents cannot now raise this as a justification for that decision. In fact, respondents' inconsistency and vagueness in this matter as to which of petitioner's qualifications were challenged and which were not, demonstrates the arbitrariness and unreasonableness of their decision. In any event, it appears to be quite clear from petitioner's transcript that she had sufficient credits in her specialty as of the 1975 deadline, and respondents have never explained the basis for their rejection of the transcript. Respondents' vagueness as to the reason for the revocation of petitioner's license, coupled with the extraordinary delay in informing the petitioner that she had not met the minimum requirements for the license and petitioner's clear qualifications at the time of revocation (cf. *Matter of Ahrens v Board of Educ.*, 57 AD2d 925), compel the conclusion that respondents' determination was arbitrary and unreasonable. Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.