■ ANGELINA SINICROPI, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to review two determinations of the New York State Public Employment Relations Board (hereinafter PERB) dismissing the petitioner's complaints, the petitioner appeals from so much of an order and judgment (one paper), of the Supreme Court, Nassau County (Balletta, J.), dated May 28, 1985, as (1) dismissed so much of the proceeding as seeks review of the determination of PERB in case No. U-3691, and (2) dismissed the proceeding in all respects insofar as it seeks relief as against the Civil Service Employee Association, Inc., Nassau County Local 830 and Jerry Donahue.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to respondents appearing separately and filing separate briefs.

On or about August 18, 1977, the petitioner filed an improper practice charge with PERB. In this charge, the petitioner alleged that her employer, the Nassau County Department of Probation, committed an improper employer practice when the Director of Probation seized certain grievance forms from her. This improper employer practice charge was assigned PERB case No. U-2846.

Shortly thereafter, on or about August 22, 1977, the petitioner was served with disciplinary charges. After a hearing pursuant to Civil Service Law § 75, the petitioner was discharged on June 20, 1978. The petitioner then commenced a proceeding pursuant to CPLR article 78 challenging her discharge. During the pendency of that proceeding, on or about November 14, 1978, the petitioner filed a second improper employer practice charge with PERB. In this charge, she alleged that her discharge was in retaliation for protected union activities. This charge was assigned case No. U-3691.

The two improper employer practice charges were held in abeyance during the judicial review of the petitioner's employer's determination terminating her employment. In February 1981 this court, for procedural reasons, remitted the matter of the petitioner's discharge to her employer for further proceedings *(Sinicropi v Milone,* 80 AD2d 609). After such further proceedings, this court, in May 1983 held that the petitioner's discharge was justified on the basis of her misconduct *(Sinicropi v Bennett,* 92 AD2d 309, 310, *affd* 60 NY2d 918).

After the judicial review of the petitioner's employer's determination to discharge her for misconduct had been concluded, the petitioner attempted to continue the processing of her two improper employer practice charges pending before PERB. However, on July 19, 1984, PERB dismissed the charge alleging a retaliatory firing (case No. U-3691) because it had not been filed within four months of the event complained of (petitioner's discharge). The prior charge, relating to the seizure of the grievance forms (case No. U-2846) was also dismissed by PERB in December 1984.

By petition dated December 31, 1984, the petitioner commenced the present proceeding to review the dismissal of both improper employer practice charges. The petition also contains a "SECOND CAUSE OF ACTION" apparently directed against the respondent Civil Service Employers Association, Inc., Nassau County Local 830 (hereinafter CSEA) and its president Jerry Donahue. After the respondents made separate motions pursuant to CPLR 7804 (f), raising objections to the petition in point of law, Special Term (1) dismissed the petition insofar as it seeks review of PERB's dismissal of the improper employer practice charge in case No. U-3691, (2) dismissed the petition in its entirety as against the respondents CSEA and Donahue, and (3) severed the remaining portions of the petition. This appeal followed. We affirm.

Special Term properly dismissed so much of the petition as seeks review of PERB's determination in connection with the improper practice charge based on retaliatory firing. The evidence contained in the record establishes conclusively that PERB's determination, dated July 19, 1984, which dismissed that improper practice charge, was received by the petitioner, via certified mail, on July 23, 1984. Pursuant to Civil Service Law § 213 (a) (i), any judicial proceeding to review such order had to be commenced within 30 days thereafter. Since the present proceeding was not commenced within that time period, the petition was properly dismissed insofar as it seeks review of that determination (see, Matter of New York State Public Employment Relations Bd. v Board of Educ., 39 NY2d 86).

We also find that the allegations of the petition do not state any basis upon which relief could be granted to the petitioner against the respondents CSEA or Donahue. The court was therefore correct in refusing to treat the petition as a complaint, so as to permit petitioner to pursue a plenary action for any alleged breach by the CSEA of its duty of fair representation.

The "SECOND CAUSE OF ACTION" set forth in the petition contains allegations that the CSEA refused to represent the petitioner in connection with her improper employer practice charges before PERB. It is alleged that this refusal was arbitrary, since CSEA had represented other employees in connection with "almost identical improper practice charges". It is further alleged that the CSEA's refusal to assist the petitioner in her improper employer practice charges was "discriminatory and in violation of [her] work contract with the County". The petitioner also alleges that the CSEA did not assist her in the processing of some unspecified grievance which she sought to commence in February 1978. Finally, the petitioner alleges that CSEA had refused to reimburse her for the legal expenses incurred in connection with the judicial review of her discharge.

Having construed these allegations liberally in favor of the petitioner, we conclude that no cause of action is stated against the CSEA or Donahue. The cause of action which exists in favor of a union member against his or her union for breach of duty of fair representation is the creation of Federal case law *(see, Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188, 195-196). Generally, such a cause of action lies in favor of a union member who has a valid claim under his contract of employment, but who has been foreclosed from pursuing a remedy pursuant to the contractual grievance and arbitration provisions of his or her contract due to the wrongful or arbitrary refusal of the union to process a grievance. In such a case, the aggrieved employee may bypass the contractual arbitration clause and sue his or her employer in court *(Vaca v Sipes,* 386 US 171). Also, if the union has processed a contract grievance in an arbitrary and negligent manner, resulting in an adverse determination in the arbitration forum which otherwise would be binding, the employee may, again, sue his or her employer in court directly *(Hines v Anchor Motor Frgt.,* 424 US 554). In such a case, the employee may also sue the union and recover a money judgment for those damages which directly resulted from the union's misconduct *(see, Bowen v United States Postal Serv.,* 459 US 212 [setting forth the proper way in which to apportion damages between the union and the employer]).

Clearly, the petitioner has not shown any entitlement to damages under these principles. It is obvious that, in order to recover damages from a union pursuant to a cause of action alleging a breach of the duty of fair representation, the employee must prove the merits of the underlying grievance

against the employer, the proper prosecution of which the union is alleged, by its misconduct, to have foreclosed. The petitioner in this case is barred, under principles of res judicata, from ever proving that her discharge was in violation of her contract, since that issue has been fully litigated, as set forth above, and resolved against her. Thus, the union can under no circumstances be cast in damages for its alleged failure to assist the petitioner in obtaining judicial review of the propriety of her discharge.

The petitioner also alleges that the CSEA discriminated against her in refusing to assist her with her improper employer practice charges, although the CSEA had allegedly given such assistance to other union members. Assuming, arguendo, that there might be a cause of action based on a union's discriminatory conduct in refusing to assist certain public employees in advancing meritorious improper employer practice charges before PERB, the petitioner, again, would be precluded from showing any merit to her charge that her discharge was a retaliatory measure, since, as noted above, judicial review of PERB's dismissal of that charge is time barred.

More fundamentally, however, the petitioner has failed to cite to any authority in support of her proposition that a union member may sue his or her union based on an allegedly arbitrary refusal to assist in the processing of an improper employer practice charge. The New York courts have adopted the breach of duty of fair representation cause of action, and have permitted its assertion in State court by public employees otherwise exempt from Federal regulation (see, National Labor Relations Act § 2 [2], 29 USC § 152 [2]; *Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188, 196, *supra),* in recognition that to permit an employer to violate an employee's contract and then be "shielded from the natural consequences of such breach" because of the union's mishandling of the grievance procedure, would violate public policy *(Jackson v Regional Tr. Serv.,* 54 AD2d 305, 309; *see also, Albino v City of New York,* 80 AD2d 261). Clearly, since a public employee may pursue an improper employer practice charge individually (4 NYCRR 204.1 [a] [1] as, apparently, the petitioner did in this case, any misconduct by the union in refusing to assist in prosecuting such a charge would not prevent the employee from obtaining a remedy, and would not shield the employer from the consequences of its alleged improper practice.

Even if we were to recognize a cause of action based on

allegations that a union has acted discriminatorily with respect to its refusal to assist certain employees in prosecuting improper employer practice charges, we would nonetheless affirm the dismissal of the petition as to the CSEA in this case since, as discussed above, the petitioner cannot now establish any merit to her claim of retaliatory discharge. It is true that the order under review let stand the petitioner's proceeding to the extent it seeks review of PERB's dismissal of the improper employer practice charge relating to the seizure of her grievance forms in 1977, so that the petitioner might ultimately succeed in demonstrating merit to that charge. However, the petition is devoid of any allegation as to how the CSEA's failure to assist her in its prosecution would have resulted in monetary damages.

For the foregoing reasons, the order and judgment under review must be affirmed insofar as appealed from. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.