■ JOSEFINA CRUZ, Appellant, v UNITED FEDERATION OF TEACHERS, Respondent. [9 NYS3d 256]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 30, 2013, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without cost.

The motion court properly found that the action is time-barred since it was filed more than four months after plaintiff learned, in an October 25, 2012 letter from defendant, that her grievance concerning a salary adjustment was denied, that de-

fendant did not believe that her claim was meritorious, and that it would not pursue the matter at arbitration (*see* CPLR 217 [2] [a]).

Plaintiff's claim that the doctrine of equitable estoppel precludes defendant from invoking the statute of limitations is unavailing. Plaintiff alleges that her delay in filing this action was caused by defendant's alleged failure to advise her that it had access to her personnel records. Plaintiff's claim is not dependent on knowledge of this fact, and, in any event, mere silence is insufficient to invoke the doctrine of equitable estoppel (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]; *Nichols v Curtis*, 104 AD3d 526, 528 [1st Dept 2013]).

Moreover, to the extent that plaintiff's claim is based on defendant's refusal to provide her with counsel to defend herself in an action brought by her former employer to recover an alleged salary overpayment, such conduct does not state a claim for breach of the duty of fair representation since plaintiff could have presented her own defense in the action, and any alleged misconduct by defendant in refusing to assist her would not prevent her from obtaining a remedy (*see Sinicropi v New York State Pub. Empl. Relations Bd.*, 125 AD2d 386, 389 [2d Dept 1986]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.