■ Bobbie Thompson, Appellant, v District Council 37 et al., Respondents. [63 NYS3d 674]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 3, 2016, which granted defendants' CPLR 3211 motion to dismiss the, in effect, hybrid complaint and CPLR article 78 petition, unanimously affirmed, without costs.

As the latest adverse action alleged by plaintiff occurred on September 17, 2012, when defendant union informed her that it would not arbitrate her termination, and plaintiff did not commence this action until September 10, 2015, all of her claims against defendant New York City Department of Education (DOE), sued herein as "Board of Education," are time-barred, either under the four-month limitations period governing claims under CPLR article 78 (*see* CPLR 217 [1]; *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140, 140-141 [1st Dept 2001]) or the one-year limitations period applicable to other claims against DOE (*see* Education Law § 3813 [2-b]; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 369 [2007]).

Plaintiff's claims against the union for breach of the duty of fair representation are likewise untimely under the applicable four-month limitations period (*see* CPLR 217 [2] [a]; *Cruz v United Fedn. of Teachers*, 128 AD3d 526, 526-527 [1st Dept 2015]). All of her discrimination claims against the union relating to events alleged to have occurred prior to September 10, 2012 are untimely under the governing three-year limitations periods (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]; *Santiago-Mendez v City of New York*, 136 AD3d 428, 428 [1st Dept 2016]). Plaintiff's facially timely claim that the union discriminated against her by refusing to arbitrate her termination fails to state a cause of action, as plaintiff has failed to allege any facts which could support an inference of bias (*see Llanos v City of New York*, 129 AD3d 620, 620 [1st Dept 2015]; *Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]).

Plaintiff's remaining contentions, including her constitutional claims and her claims under Civil Service Law § 75, are unpreserved and without merit. Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.