Memorandum. The order of the Appellate Division should be affirmed, with costs.
We note that respondents do not here assert "an unfettered right to terminate the employment of a teacher during his probationary period, unless the teacher establishes that the [chancellor] terminated for a constitutionally impermissible purpose or in violation of statutory proscription” (James v Board of Rduc., 37 NY2d 891, 892). In this circumstance the proper standard for judicial review of the action of the Chancellor of Schools of the New York City School District in terminating appellant’s appointment as a probationary teacher, because she had no right to continued appointment, is whether his action was arbitrary and capricious rather than whether it is supported by substantial evidence in the record. (Contrast subd 3 with subd 4 of CPLR 7803; see 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7803.04, 7803.07, 7803.11-7803.13.)
We note that the by-laws of the board of education provide for a hearing at which the probationary teacher is entitled to *837 appear and to present evidence. This hearing procedure is advisory rather than determinative; the proof is heard by the hearing committee rather than by the chancellor; and appellant concedes that the chancellor does not have to follow the recommendations of the hearing committee. It is the chancellor, not the hearing committee, who makes the determination. In these circumstances the hearing provided for by the bylaws is not a hearing within the contemplation of CPLR 7803 (subd 4); it therefore suffices if the chancellor’s decision is not arbitrary and capricious.
In the present case, inasmuch as appellant’s principal recommended that her services be discontinued and the district superintendent concurred in that recommendation, it cannot be said that the chancellor’s action was arbitrary and capricious.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.