■ In the Matter of DAVID JACOBS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent chancellor, dated June 28, 1978, which sustained a rating of unsatisfactory given petitioner for the 1976-1977 school year, petitioner appeals from a judgment of the Supreme Court, Kings County, dated February 9, 1979, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination is annulled and the matter is remanded to respondents for a new review pursuant to section 5.3.4 of the by-laws of respondent board of education. Petitioner is a science teacher at a Queens intermediate school. In June, 1977 he received a rating of unsatisfactory for the 1976-1977 school year from Desiree Greenidge, who was then the school's acting principal and rating officer. Petitioner appealed the rating to the respondent chancellor and the matter was reviewed by a chancellor's committee. The reviewing conference, which was extended over several days, was attended by pe-

titioner and several school officials. A series of documents was presented into evidence, many of them letters written by Greenidge accusing petitioner of unsatisfactory performance in various aspects of his work. At the outset of the review, petitioner requested that Greenidge's letters be excluded unless Greenidge attended the conference and was available for cross-examination. The request was denied. Greenidge, who was ill at the time, did not appear at any of the review sessions. On the basis of the testimony and evidence submitted, and upon the committee's recommendation, the chancellor sustained the unsatisfactory rating. The determination must be annulled since the reviewing procedure afforded petitioner did not conform with the board's by-laws. Under section 5.3.4B of the by-laws a teacher whose rating is being reviewed by a chancellor's committee is entitled "to be confronted by witnesses, to call witnesses and to introduce any relevant evidence." Since petitioner was not given the opportunity to confront his principal accuser and rating officer, he was not afforded his rights under section 5.3.4B (see *Matter of Brown v Board of Educ.,* 42 AD2d 702). Although Greenidge's failure to attend was not due to any misconduct on respondent's part, a new review is required. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.