*765
 
 OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 Petitioner, a probationary teacher in the New York City school system, was notified by a letter from the Chancellor dated June 28, 1984 that his probationary appointment was terminated as of September 4, 1984. Subsequently — after a review, as afforded by the collective bargaining agreement, under the procedures established in the Board bylaws — the Chancellor reversed his earlier determination and reinstated petitioner to probationary status.
 

 The issue in this appeal by respondent Board of Education is whether the Chancellor’s original action terminated petitioner’s rights as a probationary appointee under Education Law § 2573 (1) (a) as of September 4, 1984, or whether, as petitioner claims in his CPLR article 78 proceeding, that action was nonfinal and ineffective until completion of the review procedure. The Appellate Division, affirming Supreme Court’s judgment in favor of petitioner, held that the Chancellor’s original determination was not final and that, therefore, from September 4, 1984 until March 25, 1985, when the review was complete, petitioner was illegally deprived of his position. Accordingly, it directed that petitioner’s reinstatement be retroactive with back pay and full benefits from September 4, 1984. We granted leave to appeal and, for reasons which follow, now reverse.
 

 I
 

 Unquestionably, a Board of Education, under Education Law § 2573 (1) (a), has the right to terminate the employment of a probationary teacher at any time and for any reason, unless the teacher establishes that the termination was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith
 
 (see, Matter of Venes v Community School Bd.,
 
 43 NY2d 520, 525;
 
 James v Board of Educ.,
 
 37 NY2d 891, 892). In the City of New York, the Chancellor, as the Board’s designee, may properly make the determination to discontinue a probationer
 
 (see, Matter of Brown v Board of Educ.,
 
 42 AD2d 702
 
 Iv denied
 
 34 NY2d 519). A teacher who has been discontinued, however, may ask the Chancellor to review his decision and, in effect, reverse himself pursuant to section 5.3.4 of
 
 *766
 
 the Board of Education bylaws.
 
 *
 
 Under this procedure, a hearing is held before a committee appointed by the Chancellor and selected in accordance with the collective bargaining agreement. After the hearing, the committee submits its advisory findings and recommendations to the Chancellor who makes the ultimate decision
 
 (see, Matter of Kaufman v Anker,
 
 42 NY2d 835, 837).
 

 It is a basic policy underlying Education Law § 2573 (1) (a) that the responsibility for selecting probationary teachers and evaluating them for appointment on tenure should lie with the Board of Education upon appropriate recommendation of its professional administrators
 
 (see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,
 
 49 NY2d 732, 734;
 
 Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,
 
 40 NY2d 774, 777, 778), and that the Board should have broad discretion in making such decisions
 
 (see, Matter of Venes v Community School Bd., supra; Bergstein v Board of Educ.,
 
 34 NY2d 318, 323). From the language of Education Law § 2573 (1) (a), it is evident that a decision not to grant tenure to a probationary teacher, once made, is intended to be final. The statute contains no provision for reconsideration or review or for reinstatement of a discontinued probationary appointee. Except for the requirement that a person who is not being recommended for tenure be notified in writing no later than 60 days before the expiration of the probationary term, the authority of the Board to discontinue the services of a probationer is without temporal limitation. Indeed, the Board is specifically authorized to exercise its power to discontinue
 
 "at any time
 
 during such probationary period” (Education Law § 2573 [1] [a] [emphasis supplied]).
 

 The question remains, however, whether anything in the review procedure established in the bylaws
 
 (see,
 
 Education
 
 *767
 
 Law § 2590-d [1];
 
 Matter of Lehman v Board of Educ.,
 
 82 AD2d 832, 833;
 
 Matter of Jacobs v Board of Educ.,
 
 73 AD2d 623, 624) makes the Chancellor’s original decision on discontinuance nonfinal. We think not. Section 5.3.4 of the bylaws in no way pertains to the finality of the Chancellor’s decision. The section is procedural only, contains no provision concerning reinstatement or back pay, and does not purport to affect the teacher’s substantive rights under the statute.
 

 Probationary teachers have no constitutional or statutory right to a review of the Chancellor’s decisions to discontinue their services and to deny tenure
 
 (see, Matter of Aherns v Board of Educ.,
 
 57 AD2d 925;
 
 Matter of Clausen v Board of Educ.,
 
 39 AD2d 708). Their right to a review stems solely from the collective bargaining agreement. Section 5.3.4 does no more than establish an optional procedure under which a teacher may ask the Chancellor to reconsider and reverse his initial decision, a decision which is final and which, when made, in all respects terminates the employment of a probationer under Education Law § 2573 (1) (a). To adopt petitioner’s position that a section 5.3.4 review postpones the effective date of the Chancellor’s action until completion of the review procedure would have anomalous consequences. A probationary teacher could, although validly removed from the teaching rolls by action of the Chancellor under Education Law § 2573 (1) (a) and performing no services for the school system, become entitled to full salary during the review process, regardless of its eventual outcome. To obtain such entitlement, a discontinued teacher would have only to institute review under section 5.3.4. We need not consider the constitutional implications of such a construction, for it was clearly never intended.
 

 II
 

 In this case, petitioner had a probationary appointment as a teacher of English as a second language at the Adlai Stevenson High School. The Chancellor, upon the recommendation of the Superintendent of the Bronx High Schools, advised petitioner by letter on June 28, 1984 that his service as a teacher was "terminated as of the close of business on September 4, 1984” and that pursuant to the collective bargaining agreement petitioner was "entitled to the review procedures under Section 5.3.4 of the Bylaws”. In a letter to petitioner dated March 25, 1985, the Chancellor stated: "After careful consid
 
 *768
 
 eration of your case, I have determined to reverse the recommendation to discontinue your probationary service as a Teacher of English as a Second Language which was
 
 effective at the close of business September 4, 1984”
 
 (emphasis added).
 

 Petitioner does not contend that the Chancellor’s initial action in discontinuing his services was unlawful in the sense that the Chancellor lacked authority or that it was in violation of petitioner’s constitutional or statutory rights.
 
 Matter of Golornb v Board of Educ.
 
 (92 AD2d 256), relied on by petitioner and the Appellate Division, is, therefore, not on point. In that case, the probationary status of a teacher in the New York City system was improperly terminated by her high school principal rather than, as required, by the Chancellor. Thus, unlike the case at bar, the ouster in
 
 Golornb
 
 was patently unlawful
 
 (id.,
 
 at 258). Nor does petitioner contend z that his discontinuance was procedurally defective
 
 (cf., Matter of Pascal v Board of Educ.,
 
 100 AD2d 622 [probationary teacher not given 60 days’ prior notice of discontinuance required by Education Law § 2573 (1) (a)]). There is no question that the Chancellor’s June 28, 1984 letter was within the probationary period, that it gave petitioner more than the required 60 days’ notice of the effective date of the termination, and that the action was taken on recommendation of the Superintendent (Education Law § 2573 (1) (a);
 
 see, Matter of Brown v Board of Educ.,
 
 42 AD2d,
 
 supra,
 
 at 703). Petitioner argues only that the Chancellor’s original action, as recited in the June 28, 1984 letter, was incomplete and, for that reason, ineffective. We disagree.
 

 There is nothing tentative or conditional about the letter. The message is simple and direct: that petitioner’s "probationary service as a teacher of ESL
 
 is terminated
 
 as of the close of business on September 4, 1984” (emphasis supplied). The Chancellor’s June 28, 1984 letter met all the statutory requirements.
 

 Accordingly, the order should be reversed, with costs, and the proceeding dismissed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
 

 Order reversed, etc.
 

 *
 

 Section 5.3.4C pertaining to review of decisions on continuance of services is as follows:
 

 "Review Committee in Recommendation for Discontinuance of Service”
 

 "Any person in the employ of the board of education who is summoned to appear before the chancellor, or a committee designated by the chancellor, in respect of the discontinuance of service during the probationary term, or at the expiration thereof, shall have a review of the matter before a committee which shall be designated in accordance with contractual agreements covering employees or by regulations of the chancellor, as appropriate.
 

 "After the review, the committee shall forward its advisory recommendation to the community school board or to the chancellor in accordance with contractual agreements.”