■ In the Matter of BURTON E. SWARTZ, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Chancellor of the City School District dated December 15, 1986, terminating the employment of the petitioner as a probationary teacher, the petitioner appeals from a judgment of the Supreme Court, Kings County (Golden, J.), dated August 3, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On February 6, 1984, the respondent Board of Education (hereinafter the Board) appointed the petitioner to a probationary position as teacher of English—day high schools. On March 8, 1984, the petitioner began teaching at Adlai E. Stevenson High School in The Bronx.

During the ensuing weeks the school's administration received many complaints about the petitioner. Several of his classes were monitored by the school's assistant principal—English, Mr. Laurence Fineman, who composed two "Logs of Assistance" and wrote two reports describing the deficiencies in the petitioner's teaching. The school's principal, Myra Wohlberg, attended one class and wrote an adverse report about her observations. Simon Duchan, a designee of the Superintendent of Bronx High Schools, attended one class and also wrote a report in which he concluded that the lesson was "completely unsatisfactory".

On June 20, 1984, Ms. Wohlberg issued a report on probationary service of pedagogical employee recommending that the petitioner be discontinued as a probationary employee. On the next day, she completed an individual rating report for the petitioner, issuing him an unsatisfactory rating for the period between March 8, 1984 and June 1984. The individual rating report referred to the reports of Ms. Wohlberg herself, Mr. Duchan and Mr. Fineman, and to Mr. Fineman's logs of assistance.

On July 18, 1984, the petitioner was notified that his employment with the Board would terminate September 4, 1984, due to discontinuance of his probationary service. The petitioner appealed for a review of his discontinuance pursuant to section 5.3.4 of the bylaws of his employment. A three-member committee was formed. On September 24, 1986, the chairperson of the committee, Philip Wiener, informed the parties involved, including Ms. Wohlberg, that the petitioner's review would take place on October 23, 1986. On October 1, 1986, Ms. Wohlberg retired from her employment. On October 22, 1986, Ms. Wohlberg's former secretary called Ms. Jones and informed her that Ms. Wohlberg refused to attend the hearing. On the morning of the hearing, Mr. Wiener asked Mr. Duchan to contact Ms. Wohlberg and ask her to come. He did so, but Ms. Wohlberg still refused to attend.

Mr. Fineman and Mr. Duchan were present at the hearing and the petitioner was able to cross-examine them. Mr. Wiener recommended discontinuance of the petitioner's probationary service. The other two committee members voted not to recommend discontinuance. The respondent Chancellor decided to accept Mr. Wiener's recommendation, and, by letter dated December 15, 1986, he notified the petitioner that he had reaffirmed the recommendation to discontinue his probationary service.

The petitioner contends that, since Ms. Wohlberg was not present at the review hearing, he was deprived of his right to confront her as a witness against him. A probationary teacher's right to a review of the Chancellor's decision to discontinue his or her services is neither constitutional nor statutory, but is contained in the collective bargaining agreement to which the respondents have promised to adhere (see, *Matter of Frasier v Board of Educ.*, 71 NY2d 763, 768). The right is set forth in section 5.3.4 of the Board's bylaws and in Special Circular 45, 1974-1975. The bylaws and the Special Circular are rules and regulations which are binding upon the Board and which the Board may not waive (see, *Matter of Lehman v Board of Educ.*, 82 AD2d 832, 833).

At the time of the petitioner's review hearing, section 5.3.4C of the bylaws provided that: "If a witness who was summoned or requested to appear is unavailable or unwilling to appear despite the best efforts of the committee, this shall not prevent a review from continuing but shall be one of the factors considered by the committee."

In our view, the petitioner received the process to which he

was entitled under section 5.3.4 of the Board's bylaws. The committee's "best efforts" could not compel the retired Ms. Wohlberg to attend the review hearing. Despite her absence, there was adequate proof to support the petitioner's unsatisfactory rating and the discontinuance of his probationary period. Substantial evidence against the petitioner was provided by Mr. Fineman and Mr. Duchan, who were both present for cross-examination. Thus the petitioner was not deprived of his right to confront witnesses and of cross-examination, and the Supreme Court properly upheld the Chancellor's determination.

The petitioner's contention that this court's holdings in *Matter of Jacobs v Board of Educ.* (73 AD2d 623) and *Matter of Brown v Board of Educ.* (42 AD2d 702, *lv denied* 34 NY2d 519) mandate an annulment of the Chancellor's determination is without merit. In those cases the Chancellor's determinations were annulled where witnesses against the employees were missing and this court found that the employees had been deprived of their right to cross-examination. Neither case is applicable to the issue here. At the time they were decided, the employee's right to a review hearing under the bylaws included the right to cross-examine all the witnesses against him, including those who were absent through no fault of the respondent. The bylaw was amended in July 1986 to permit the committee to reach a determination even though a witness is missing, as long as the committee has made its "best effort" to ensure that witness's appearance and it considers the witness's absence in making its decision. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.