◼ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Petitioners, v TOWN OF RIVERHEAD, Respondent. [631 NYS2d 883] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Town of Riverhead, dated June 26, 1992, as, after a hearing, upheld the denial of emergency personal leave sought by the petitioner Nancy Morrow.

Adjudged that the determination is confirmed insofar as reviewed and the proceeding is dismissed on the merits, with costs.

Initially, we note that the Supreme Court should have disposed of the proceeding on the merits instead of transferring it to this Court. Because the hearing was "informational", the determination was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]; 7804 [g]; *see also, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166). However, this Court will decide the case on the merits in the interest of judicial economy *(see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180).

Contrary to the petitioners' contention, the respondent's determination was not arbitrary or capricious since it was rationally based on the facts before it *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Further, insofar as the petition sought to resolve the parties' contractual rights, it is well settled that a CPLR article 78 proceeding is not the proper procedural vehicle *(see, Matter of Hertz v Rozzi,* 148 AD2d 535, *affd* 74 NY2d 702; *Aloi v Board of Educ.,* 81 AD2d 874; *Nassau Ch. Civ. Serv. Empls. Assn. v County of Nassau,* 154 Misc 2d 545, *affd* 203 AD2d 267). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.