■ In the Matter of WILLIE McCAIN, Petitioner, v JOSEPH A. FERNANDEZ et al., Respondents. [640 NYS2d 241] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York, dated April 18, 1991, which terminated the petitioner's temporary per diem teaching certificate and his services as a substitute teacher.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The administrative review of the decision to terminate the petitioner's substitute teaching certificate was an "informational" proceeding, and not a hearing mandated by direction of law (*see,* CPLR 7803 [4]; 7804 [g]). Accordingly, the Supreme Court should have disposed of this proceeding on the merits instead of transferring it to this Court (*see, Matter of Civil Serv. Empls. Assn. v Town of Riverhead,* 220 AD2d 411; *Matter of Agusta v Silva,* 201 AD2d 405; *Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166). However, this Court will decide the case on the merits in the interest of judicial economy (*see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180; *Matter of Civil Serv. Empls. Assn. v Town of Riverhead, supra*).

Turning to a review of the parties' contentions, we agree with the respondents' claim that this proceeding is barred by the applicable Statute of Limitations because it was not com-

menced within four months after the petitioner's services and per diem substitute teaching certificate were terminated. Here, the petitioner was notified, by letter dated April 18, 1991, that his services as a substitute teacher had been terminated as of March 28, 1991, and that his teaching certificate was terminated. The decision to discharge the petitioner from employment and terminate his certificate was thus final and binding as of April 18, 1991 (*see, Matter of Lubin v Board of Educ.,* 60 NY2d 974; *Matter of Schulman v Board of Educ.,* 184 AD2d 643), and this proceeding, which was commenced more than four months after the determination, is barred by the Statute of Limitations (*see, Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Schulman v Board of Educ., supra; Matter of Jones v Board of Educ.,* 159 AD2d 506). Moreover, the administrative review of the determination to terminate the petitioner's teaching certificate, conducted by the Chancellor's Committee pursuant to the collective bargaining agreement, did not serve to extend the limitations period (*see, Frasier v Board of Educ.,* 71 NY2d 763, 766-767; *Matter of Schulman v Board of Educ., supra*). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.