■ In the Matter of KEVIN HEALY, Petitioner, v THOMAS SHELDON, as Commissioner of Education of New York State, et al., Respondents. [652 NYS2d 886] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Education which authorized petitioner's termination as a teacher with the Allegheny-Limestone Central School District.

In December 1992, charges were brought against petitioner, a tenured elementary school teacher with the Allegheny-Limestone Central School District (hereinafter the District), pursuant to Education Law §§ 3012 and 3020-a alleging that he was guilty of insubordination and conduct unbecoming a teacher. Following a hearing, a majority of the three-member Hearing Panel found petitioner guilty of five of the 12 specifications contained in the charges and recommended that petitioner be suspended without pay for nine months. Neither party challenged the Hearing Panel's findings of guilt against petitioner; the Board of Education of the District, however, appealed the penalty imposed to respondent Commissioner of Education contending that it was too lenient. By determination dated March 3, 1995, the Commissioner, finding that the Hearing Panel accorded insufficient weight to petitioner's previous disciplinary convictions, authorized the District to terminate his employment. On March 22, 1995, the Board adopted a resolution dismissing petitioner and petitioner was notified, by letter dated March 23, 1995, that his services as a teacher had been terminated effective immediately.

Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Commissioner's determination to annul the Hearing Panel's recommendation of suspension and authorizing termination. In their respective answers to the petition, respondents moved to dismiss the petition on the ground that the proceeding had not been commenced within the applicable four-month Statute of Limitations and was therefore time barred. Supreme Court, rejecting this argument, transferred the proceeding to this Court.

In assessing when the limitation period begins to run in any given proceeding, we look to when "the determination to be reviewed becomes final and binding" (CPLR 217 [1]). "A challenged determination is final and binding when it 'has its impact' upon the petitioner who is thereby aggrieved" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716, quoting *Mundy v*

ing summary judgment *(see, Buholtz v Rochester Tel. Corp.,* 40 AD2d 283, 288, *appeal dismissed* 33 NY2d 939).

*Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357). Respondents' contention that this proceeding is time barred is premised on the fact that it was not commenced within four months of the Commissioner's March 3, 1995 determination authorizing termination. We find there was nothing final or binding about the Commissioner's determination, which merely authorized termination of petitioner. The Commissioner's determination had no practical impact or effect on petitioner until the Board voted on March 22, 1995 to terminate him and notified him of same by letter dated March 23, 1995. At this point, a "final and binding" (CPLR 217 [1]) determination had been made with respect to his termination. Accordingly, this proceeding, commenced on July 22, 1995, was timely (*compare, Matter of McCain v Fernandez*, 226 AD2d 380, *lv denied* 88 NY2d 806).

The Commissioner was "empowered to substitute his judgment of the proper penalty for that of the [H]earing [P]anel whose action he was reviewing" (*Matter of Levyn v Ambach*, 56 NY2d 912, 914), and we find nothing arbitrary or capricious about his determination in light of the charges sustained against petitioner and his prior instances of misconduct in 1990 (*see, Matter of Board of Educ. v Ambach*, 142 AD2d 869, 870). With respect to the instant charges, the Hearing Panel found that petitioner had instructed students in his fourth grade class to comment on what a particular fourth grade girl had done wrong in his class that day. This open forum against the alleged recalcitrant fourth grader was in front of her mother and was extremely upsetting to both the parent and the student. Comments directed at this girl from her peers included statements that she was fat, talked too much and did not listen. According to the girl's mother, petitioner used this same mode of "discipline" again a few weeks later. A classmate of the girl testified and provided similar details with respect to petitioner's public treatment of her.

Petitioner was also found by the Hearing Panel to have instructed the girl's mother not to tell her husband that their daughter received detention from him. In addition, petitioner encouraged and arranged a fight between two fourth grade boys as a means of controlling alleged animosity between them (it was later canceled when petitioner learned that such fights are illegal in this State). Finally, petitioner was found by the Hearing Panel to have inappropriately responded to a parent's concerns about cheating in his classroom. It is noteworthy that petitioner did not deny that many of these incidents took place. There is also support in the record that petitioner had already pleaded guilty to two instances of misconduct (one involving

his inappropriate behavior in dealing with parents and the other for his use of corporeal punishment on a student) in April 1990 and was suspended for three months without pay. Given these circumstances, we find that the Commissioner's determination authorizing petitioner's termination was not arbitrary or capricious.* Finally, upon this record we cannot say that the penalty of termination is so disproportionate to the offenses as to shock our sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233).

White, J. P., Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the Commissioner's determination makes reference to a March 17, 1993 finding of guilt against petitioner concerning unrelated charges filed in September 1992, we reject petitioner's contentions that, in light of same, the determination is arbitrary and capricious. As previously noted, the charges at issue, combined with petitioner's 1990 suspension, support the Commissioner's recommendation of penalty.