■ In the Matter of GERALD SCHUMANN, Appellant, v RAMON C. CORTINEZ et al., Respondents. [653 NYS2d 138] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination terminating the petitioner's employment as a substitute teacher, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), dated July 18, 1995, which granted the respondents' separate motions and dismissed the proceeding for failure to state a cause of action.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner began employment as a substitute teacher at a high school on Staten Island in September 1991. Approximately six weeks later, he was notified of his termination, effective November 14, 1991.

The petitioner argues, *inter alia*, that he was entitled to two administrative review procedures prior to his termination. He bases this argument on Article 21C of the collective bargaining agreement between the Board of Education and the United Federation of Teachers, which, he claims, entitles him to review procedures before the Chancellor as prescribed in section 5.4.1 of the by-laws of the Board of Education. The essential flaw in the petitioner's argument is that section 5.3.4 of the by-laws of the Board of Education affords him no such right of review. The by-laws provide for review in cases involving the termination or discontinuance of probationary teachers, but there is no similar provision for cases involving the termination or discontinuance of regular substitute teachers, such as the petitioner.

We have examined the petitioner's remaining contentions and find them to be without merit (*see, e.g., Matter of Frasier v Board of Educ.*, 71 NY2d 763). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.