■ In the Matter of RODNEY E. BIGLER, Petitioner, v COR-NELL UNIVERSITY, Respondent. [698 NYS2d 472] —Application pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered March 12, 1999) to annul respondent medical college's determination terminating petitioner's tenured employment on its faculty, unanimously denied, and the petition dismissed, without costs.

The petition should not have been transferred to this Court because it does not seek review of a determination made "as a

result of a hearing held * * * pursuant to direction by law" (CPLR 7803 [4]), and also because the hearing on the charges against petitioner was not determinative but merely advisory to respondent's President and Board of Trustees (*see, Matter of Kaufman v Anker*, 42 NY2d 835). This Court will nevertheless undertake the review that should have been done by Supreme Court (*see, Matter of 125 Bar Corp. v State Liq. Auth.*, 24 NY2d 174, 180). It is well settled that courts should not "invade, and only rarely assume academic oversight, except with the greatest caution and restraint, in such sensitive areas as faculty appointment, promotion, and tenure, especially in institutions of higher learning" (*Matter of Pace Coll. v Commission on Human Rights*, 38 NY2d 28, 38; *see also, Gertler v Goodgold*, 107 AD2d 481, 486, *affd* 66 NY2d 946; *Matter of Loebl v New York Univ.*, 255 AD2d 257). The findings of the hearing board that petitioner had failed to fulfill his faculty duties over an extended period of time were amply supported by the evidence, and the determination by the Board of Trustees to revoke petitioner's tenure and dismiss him from the faculty was not arbitrary and capricious (*see, Matter of Kaufman v Anker, supra*). Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.