■ In the Matter of E. Trina Lipton, Appellant, v New
York City Board of Education et al., Respondents. [726 NYS2d
95] —Judgment, Supreme Court, New York County (Jane Solo-
mon, J.), entered on or about March 30, 2000, which denied
petitioner's application to annul respondents' determination
terminating petitioner's probationary employment as a teacher,
and dismissed the petition, and bringing up for review a prior
order, same court and Justice, entered October 20, 1999, which
granted respondents' motion to dismiss the petition as time-
barred to the extent of dismissing petitioner's claim that the
determination should be annulled on the ground that she had
attained tenure, unanimously affirmed, without costs. Appeal
from the aforesaid order, unanimously dismissed, without
costs, as subsumed in the appeal from the judgment.

Petitioner's claim that the termination of her probationary
employment was invalid because she was, in fact, a tenured
employee was properly dismissed on the ground that the
instant CPLR article 78 proceeding was not brought within
four months of respondent Chancellor's June 6, 1995 letter

advising petitioner of the termination of her probationary employment (CPLR 217). We reject petitioner's argument that because this letter mentioned her right to "review procedures" under her union's collective bargaining agreement and respondent Board's bylaws section 5.4.3, but said nothing about her right to judicial review, it misled her into believing that her time to commence an article 78 proceeding would not begin to run until her administrative remedies were exhausted. The letter clearly stated that petitioner's "probationary service as a teacher * * * has been terminated," and did not imply that the same review procedures would apply if she believed herself to be a tenured employee. Thus, the IAS court properly granted respondent's motion to dismiss the petition as untimely insofar as the motion was directed to petitioner's claim that she had attained tenure. With respect to the IAS court's denial of that motion insofar as it was directed to petitioner's claim that her termination was made in bad faith, the issue is academic (*but cf.*, *Matter of Frasier v Board of Educ.*, 71 NY2d 763), since, as the IAS court found after joinder of issue, petitioner in any event fails to sustain her burden of proof in that regard (*see, id.*, at 765). We have considered petitioner's other arguments, including that the section 5.3.4 hearing was not fair, and find them to be unavailing. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.