In the Matter of BETHSABE VON GIZYCKI, Appellant, v HAROLD O. LEVY et al., Respondents. [771 NYS2d 174]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the

City of New York dated October 15, 2001, terminating the petitioner's employment as a probationary teacher as well as her certificate and license to teach in the public schools of the Board of Education of the City of New York, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated September 27, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The employment of a probationary or nontenured teacher may be terminated at any time during the probationary period, and for any reason, without a hearing (*see* Education Law § 2509 [1] [a]; *Matter of Remus v Board of Educ.,* 96 NY2d 271, 276 [2001]; *Matter of Speichler v Board of Coop. Educ. Servs.,* 90 NY2d 110, 114 [1997]; *Matter of Frasier v Board of Educ.,* 71 NY2d 763, 765 [1988]). The procedure for termination of a nontenured teacher's certificate and license is governed by the Bylaws of the Board of Education of the City School District of the City of New York (hereinafter the Bylaws) and Special Circular 31R. Special Circular 31R is issued by the Chancellor of the Board of Education of the City of New York (hereinafter the Chancellor) as a result of the collective bargaining agreement between the Board of Education of the City of New York (hereinafter the Board) and the teachers' union (*see generally Matter of Frasier v Board of Educ., supra* at 766-767; *Matter of McCain v Fernandez,* 226 AD2d 380, 381 [1996]).

Once charges have been preferred against a nontenured or probationary teacher, and the Chancellor has made a determination to terminate the teacher's services or license, the teacher has a right to a review of that determination. However, that right comes neither from the constitution nor any statute (*see Matter of Frasier v Board of Educ., supra* at 768; *Matter of Swartz v Board of Educ.,* 146 AD2d 576, 577 [1989]). Rather, the right to review is contained solely in the Bylaws and Special Circular 31R (*see Matter of Frasier v Board of Educ., supra* at 767; *Matter of Swartz v Board of Educ., supra;* Special Circular 31R; Bylaws §§ 5.3.1, 5.3.3A, 5.3.4B).

The review, or hearing, is tape-recorded (*see* Special Circular 31R 3.2.4), and it is held before a hearing officer from the Board's Office of Appeals and Reviews, or a hearing committee. Upon conclusion of the review, a report is rendered and a recommendation is made to the Chancellor (*see* Special Circular 31R 3.1; Bylaws § 5.3.4B). The recommendation *is advisory only* (*see* Special Circular 31R 3.3; Bylaws § 5.3.4B) and the Chancellor need not follow the recommendations of the hearing officer or committee (*see Matter of Kaufman v Anker,* 42 NY2d 835, 836

[1977]). It is the Chancellor, not the hearing officer or committee, who makes the determination. Because the hearing provided for in the Bylaws and Special Circular 31R is not held "pursuant to direction by law" (CPLR 7803 [4]), the standard of review for termination of a teaching certificate is whether the determination was arbitrary and capricious, the same standard applicable to a determination to terminate a probationary teacher's employment (*see e.g. Matter of Frasier v Board of Educ., supra; Matter of Kaufman v Anker, supra; Matter of Climent v Board of Educ.,* 288 AD2d 312, 313 [2001]; *Matter of Feldman v Board of Educ.,* 259 AD2d 700 [1999]; *Matter of Kudler v Board of Educ.,* 236 AD2d 403 [1997]; *Matter of McCain v Fernandez, supra; Matter of Stedronsky v Sobol,* 175 AD2d 373, 374 n [1991]; *Matter of Dillard v Alvarado,* 118 AD2d 644, 645 [1986]).

The record before us establishes that the determination to terminate the petitioner's employment as a probationary teacher as well as her teaching certificate and license was neither arbitrary nor capricious.

The petitioner's remaining contentions are without merit. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.