■ In the Matter of EDWARD WATKINS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [851 NYS2d 541]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 10, 2006, which denied petitioner's application to vacate the determination of respondent New York City Department of Education (DOE) directing that petitioner be placed on its Ineligible/Inquiry List and to declare that the report of the Special Commissioner of Investigation for the New York City School District (SCI) was made illegally, arbitrarily and capriciously, and which granted respondents' cross motion to dismiss the petition, unanimously affirmed, without costs.

Following a report that petitioner may have engaged in inappropriate conduct while serving as a volunteer coach for a girls' basketball team at a public high school, SCI conducted an investigation and concluded that petitioner had engaged in inappropriate and extensive telephone contact with four female students. Based on SCI's report, DOE issued a directive placing petitioner on its Ineligible/Inquiry List. That determination was rationally based and amply supported by the undisputed telephone records (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Contrary to petitioner's contention, DOE was not required to afford him notice or an opportunity to be heard prior to making its determination since he had no legitimate claim of entitlement to continue his role as a volunteer coach (*see e.g. Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]; *Matter of Von Gizycki v Levy*, 3 AD3d 572, 573 [2004]), or to access to public school facilities (*see Silano v Sag Harbor Union Free School Dist. Bd. of Educ.*, 42 F3d 719, 725 [1994], *cert denied* 515 US 1160 [1995]). Furthermore, inasmuch as petitioner "has not denied the truth of the central factual assertions" which formed the basis for the DOE's directive, he cannot state a "stigma-plus" due process claim (*see Matter of Johnson v Kelly*, 35 AD3d 297, 298 [2006]; *and see O'Connor v*

*Pierson*, 426 F3d 187, 195 [2005]). Nor was such claim made in the underlying petition. Respondents cannot be held responsible for speculation and rumors that may have been spread by members of the school community concerning the reasons for the nonparty SCI investigation (*id.*).

To the extent petitioner seeks declaratory relief with respect to the SCI report, the court properly determined that SCI is a necessary party and could not be joined after expiration of the four-month limitations period (*see Matter of Solid Waste Servs., Inc. v New York City Dept. of Envtl. Protection*, 29 AD3d 318, 319 [2006], *lv denied* 7 NY3d 710 [2006]). Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.