■ Louis Curcio, Respondent, v New York City Department of Education et al., Appellants. [866 NYS2d 73]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 20, 2007, which, insofar as ap-

pealed from as limited by the briefs, denied respondents' motion to dismiss so much of the petition as sought review of the termination of petitioner's probationary employment under his physical education license, and reinstated petitioner's physical education license nunc pro tunc to May 15, 2006, unanimously reversed, on the law, without costs, the motion granted, and so much of the petition challenging such termination dismissed.

Petitioner's challenge to the termination of his probationary employment under his physical education license, which was based on his alleged premeditated misuse of sick leave, should have been dismissed, since petitioner failed to establish that his termination "was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]). Although the record shows that petitioner was not given the requisite 60-day statutory notice that his probationary employment was being terminated, which would ordinarily entitle him to one day's pay for each day the notice was late (*see Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274, 277-278 [1993]; Education Law § 2573 [1] [a]), petitioner is not entitled to such payment because, upon termination of his probationary employment, he immediately resumed his duties at the same school and at the same rate of pay under his common branch license under which he was fully tenured. Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.