■ Thomas Black, Respondent, v New York City Department of Education et al., Appellants. [878 NYS2d 356]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 10, 2008, which granted the petition and directed respondents to reinstate petitioner to his former position at the appropriate rate of pay, including all appropriate benefits, to pay petitioner past wages that he would have received, with interest, and to remove his name from the ineligible/inquiry

list, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

Petitioner failed to establish that the termination of his probationary employment under his physical education license, which was based on his alleged inappropriate sexual relationship with a New York City public high school student, "was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]; *see e.g. Curcio v New York City Dept. of Educ.*, 55 AD3d 438 [2008]). Contrary to petitioner's contention, this issue was preserved inasmuch as respondent raised it in the answer to the petition.

The Chancellor's determinations to terminate petitioner's license, give him an unsatisfactory rating and place him on the ineligible/inquiry list were not arbitrary and capricious (*see Matter of Andersen v Klein*, 50 AD3d 296 [2008]; *Matter of Watkins v New York City Dept. of Educ.*, 48 AD3d 339 [2008], *lv denied* 10 NY3d 713 [2008]; *Matter of Von Gizycki v Levy*, 3 AD3d 572, 574 [2004]). Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.