In the Matter of DOROTHY BURCH, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [987 NYS2d 348]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered March 19, 2013, which granted respondent's cross motion to dismiss, as time-barred, the petition in this CPLR article 78 proceeding seeking annulment of its determination, dated December 5, 2011, terminating petitioner's employment, unanimously reversed, on the law, without costs, the cross motion denied, and the matter remanded for further proceedings.

Ordinarily, where the employment of an at-will employee, like petitioner, is terminated, the four-month statute of limitations applicable in article 78 proceedings (CPLR 217) begins to run from the date of the termination, notwithstanding the availability of optional administrative review proceedings (see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y., 71 NY2d 763 [1988]). However, where an administrative agency "create[s] . . . ambiguity and [the] impression of nonfinality," that ambiguity regarding finality is to be resolved against the agency (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978]).

In the instant case, in informing petitioner by letter dated December 5, 2011, that she was terminated and advising her of the possibility of review under Operating Procedure 20-39, respondent employed precisely the same language as that used in the article 78 statute of limitations (CPLR 217) to inform petitioner that the result of that review would be "final and binding." The language of the termination letter tracked that of paragraph V (G) of Operating Procedure 20-39, which provides that "[t]he reviewer's decision is final and binding, and is not subject to further administrative review."

We find that, notwithstanding the fact that the letter otherwise conveyed the concrete impact ordinarily associated with finality for statute of limitations purposes (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]), respondent created sufficient ambiguity as to finality such that the language must be construed against it and the petition must be deemed timely. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.