Matter of Cabrera v City of New York Civ. Serv. Commn. (2020 NY Slip Op 02109)





Matter of Cabrera v City of New York Civ. Serv. Commn.


2020 NY Slip Op 02109


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11306 151196/18

[*1]In re Ramon Cabrera, Petitioner-Appellant,
v
City of New York Civil Service Commission, Respondent-Respondent.


Cronin & Byczek, LLP, White Plains (Linda M. Cronin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Andrea Masley, J.), entered January 2, 2019, denying the petition to annul a determination of respondent, dated October 5, 2017, which affirmed a determination by New York City Department of Correction (DOC), after a hearing, to terminate petitioner from his position as a correction officer, and granting respondent's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner, in his brief, does not address the court's dismissal of the petition for failing to join necessary parties and has thus abandoned any challenge to the court's dismissal on that basis (see Matter of Eilenberg v City of New York, 162 AD3d 457 [1st Dept 2018]). In any event, the court properly determined that DOC was a necessary party to this proceeding, as petitioner sought relief against the DOC, and the DOC might have been inequitably affected by a judgment in the proceeding (see CPLR 1001[a]; Matter of Centeno v City of New York, 115 AD3d 537 [1st Dept 2014]); Matter of Watkins v New York City Dept. of Educ., 48 AD3d 339, 340 [1st Dept 2008], lv denied 10 NY3d 713 [2008]).
The court also properly concluded that petitioner failed to establish that respondent "acted illegally, unconstitutionally or in excess of its jurisdiction" (Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018] [internal quotation marks omitted]). Petitioner was provided with sufficient notice of the charges, an explanation of the evidence, and an opportunity to be heard (see generally Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013]). Following a hearing on the disciplinary charges against petitioner and others, DOC determined that the serious nature of petitioner's misconduct warranted termination, and that petitioner's employment history did not mitigate the sanction. Although respondent initially affirmed DOC's determination based on a legal error, the matter was subsequently remanded and, following a review of the record, a supplementary determination was issued which addressed the process petitioner received and the basis for his termination which did not rely on the legal error. Since petitioner elected to appeal to the Civil Service Commission, challenges to the weight of the evidence and the penalty imposed are outside of the narrow scope of review (see Matter of Dhar v Commissioner, N.Y. City [NYC] Dept. of Transp., 146 AD3d [*2]573 [1st Dept 2017] lv denied 29 NY3d 916 [2017]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK