Matter of Kostic v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 06856)





Matter of Kostic v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 06856


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 152243/17, 100290/17 Appeal No. 12429 Case No. 2019-00366 

[*1]In the Matter of Isabelle Kostic, Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Amdar Company LLC, Respondent-Appellant.
In the Matter of Amdar Company, LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Serge Joseph of counsel), for Isabelle Kostic, respondent.
Mark F. Palomino, New York (Dawn Ivy Schindelman of counsel), for New York State Division of Housing and Community Renewal, respondent.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, [*2]J.) entered July 5, 2018, which, insofar as appealed from, denied the petition of Amdar Company LLC (Amdar) under index No. 100290/17 to annul a determination (the Determination) of respondent New York State Division of Housing and Community Renewal (DHCR), dated January 11, 2017, that the subject apartment was subject to rent stabilization and that Amdar had charged excessive rent, and granted the petition of petitioner Isabelle Kostic under index No. 152243/17 to annul the Determination to the extent it utilized an allegedly improper base date for calculation of the legal regulated rent and failed to impose treble damages, unanimously modified, on the law, to the extent of denying Kostic's petition and dismissing that proceeding brought pursuant to CPLR article 78, and otherwise affirmed, without costs
Regardless of its age, an apartment's rent history is always subject to review to determine whether a unit is rent-stabilized (Matter of Regina Metro. Co., LLC v NewYork State Div. of Hous. & Community Renewal, 35 NY3d 332, 351 n 4 [noting critical difference between overcharge claim and challenge to deregulated status], 360 [upholding declaration that apartment is rent stabilized based upon history preceding lookback period notwithstanding that there may be no money damages] [2020]; Fuentes v KWIK Realty, 186 AD3d 435, 437 [1st Dept 2020]; Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept, 2011], app withdrawn 18 NY3d 954 [2012] ).
Owner Amdar bore the burden before DHCR of showing that the subject apartment was properly deregulated. The agency's conclusion that Amdar failed to meet that burden — by producing leases with the appropriate J-51 riders — is rationally based in the record, and is not arbitrary and capricious (see e.g. Matter of Kaufman v Anker, 42 NY2d 835 [1977]).
The agency rationally found that Amdar's failure to prove that J-51 riders were included in all of the tenant's renewal leases was not proof of a fraudulent scheme to deregulate the apartment. Under the circumstances, the fact that the owner filed an erroneous exit registration on the ground of high-rent vacancy, does not compel a finding of fraud. The error was plain on its face, since Kostic never vacated the apartment. Therefore, she could not have reasonably relied on the exit registration. Reasonable reliance is an element of fraud for purposes of evading the four-year lookback restriction for pre-HSTPA overcharge claims (see Matter of Regina Metro. Co., LLC, 35 NY3d at 356 n 7 [2020]).
The agency's overcharge and interest calculations were rational and not contrary to law. The agency also properly declined to impose treble damages, in light of the absence of any evidence of fraud or other willfulness.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020