Matter of Laskar v Department of Educ. of the City of N.Y. (2022 NY Slip Op 05923)

Matter of Laskar v Department of Educ. of the City of N.Y.

2022 NY Slip Op 05923

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 157344/20 Appeal No. 16508 Case No. 2021-02624 

[*1]In the Matter of Jefhreen Laskar, Petitioner-Appellant,
v
The Department of Education of the City of New York, Respondent-Respondent.

Stewart Lee Karlin Law Group, P.C., New York (Daniel Dugan of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2021, denying the petition to annul a determination by respondent Department of Education of the City of New York (DOE), dated May 15, 2020, to discontinue petitioner's probationary service, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's challenge to the DOE's decision to discontinue her probationary employment was properly denied, as petitioner failed to show that her termination was for a constitutionally impermissible purpose, in violation of a statute, or done in bad faith (see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y., 71 NY2d 763 [1988]; see also Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451 [1993]). Rather, there is ample evidence in the record to show that the DOE's decision to discontinue her probation was made in good faith, as her yearly Measures of Teacher Practice scores reflected a lack of consistent improvement, despite receiving significant professional support (see Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y., 117 AD3d 605 [1st Dept 2014]).
Petitioner's claim regarding DOE's failure to obtain her signature on every assessment constitutes a mere deficiency in the review process that does not require annulment of the decision to discontinue her employment (see e.g. Matter of Mendez v New York City Dept. of Educ., 28 NY3d 993 [2016]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022