Matter of South Blooming Grove Fire Dist. v Village of S. Blooming Grove (2025 NY Slip Op 00454)

Matter of South Blooming Grove Fire Dist. v Village of S. Blooming Grove

2025 NY Slip Op 00454

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-05826
 (Index No. 4483/22)

[*1]In the Matter of South Blooming Grove Fire District, appellant, 
v
Village of South Blooming Grove, respondent.

Kornfeld, Rew, Newman & Simeone, Suffern, NY (William S. Badura and Scott A. Dow of counsel), for appellant.
Blustein, Shapiro, Frank & Barone, LLP, Goshen, NY (Brian M. Newman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent to authorize a certain land transfer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (E. Loren Williams, J.), dated April 18, 2023. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In August 2022, the petitioner, South Blooming Grove Fire District (hereinafter the Fire District), commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus against the Village of South Blooming Grove to compel the authorization of a land transfer and the grant of certain easements that the Fire District alleged had been agreed upon by the two parties. Specifically, the Fire District alleged, inter alia, that, in June 2016, the Village's Board of Trustees (hereinafter the Board) enacted Resolution No. 58, which authorized a land transaction consisting of a land transfer and certain easements between the Village and the Fire District (hereinafter the land transaction). In support of the petition, the Fire District submitted, among other things, documents demonstrating that Resolution No. 58 was enacted by the Board in June 2016, and that six years later, in March 2022, when the Fire District notified the Village that the Fire District wanted to finalize the land transaction, the Board then enacted Resolution No. 86 on July 11, 2022, which rescinded Resolution No. 58, nullifying the proposed land transaction.
The Village moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The Fire District opposed. In an order and judgment dated April 18, 2023, the Supreme Court granted the Village's motion and, in effect, denied the petition and dismissed the proceeding. The Fire District appeals.
"On a motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss a petition, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Silverman v Town of Ramapo, 222 AD3d 652, 653; see Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County, 227 AD3d 708, 709). "[T]he petition must set forth factual allegations which, if credited, are sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was [*2]arbitrary and capricious or an abuse of discretion" (Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690 [internal quotation marks omitted]).
"The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Dickson v New York City Dept. of Bldgs., 224 AD3d 1014, 1014 [internal quotation marks omitted]; see Matter of Hene v Egan, 206 AD3d 734, 736). A CPLR article 78 proceeding is not the proper vehicle to resolve contractual rights (see Matter of Civil Serv. Empls. Assn. v Town of Riverhead, 220 AD2d 411, 412; Matter of Hertz v Rozzi, 148 AD2d 535, 538, affd 74 NY2d 702).
Contrary to the Fire District's contention, the Supreme Court properly granted the Village's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding, as the Fire District failed to establish that enacting Resolution No. 58 was a purely ministerial act by the Board for which mandamus is the proper remedy (see Matter of O'Sullivan v New York City Dept. of Bldgs., 226 AD3d 686, 687-688). The Fire District submitted no evidence to support its contention that the Board was required to enact or enforce Resolution No. 58 or that there was an otherwise clear legal right to the land transaction at issue (see Matter of Glyka Trans, LLC v City of New York, 161 AD3d 735, 739; Matter of Young v Town of Huntington, 121 AD2d 641, 642).
Accordingly, the Supreme Court properly granted the Village's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court